Jones v. Onondaga Cnty. Res. Recovery Agency

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fourteen.

PRESENT:   REENA RAGGI,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                                *Circuit Judges*.

\-----------------------------------------------------------------------

RANDOLPH JONES,
                                *Plaintiff-Appellant*,

                      v.                                                                         No. 13-4135-cv

ONONDAGA COUNTY RESOURCE RECOVERY AGENCY, and its fifteen member executive board, JOSEPH FONTANELLA, individually and in his official capacity as OCRRA Transfer Director, as Aider and Abettor, THOMAS A. RHOADS, individually and in his official capacity as OCRRA Executive Director, as Aider and Abettor, MAUREEN NOSIK, individually and in her official capacity as OCRRA Personnel Analyst, as Aider and Abettor, JEFF COOPER, individually and in his official capacity as OCRRA Assistant Deputy Director, as Aider and Abettor, MARK DONNELLY, individually and

in his official capacity as Chairman of the Board and board member, as Aider and Abettor,

*Defendants-Appellees*.[*]

-------------------------------------------------------------------

FOR APPELLANT:                    Randolph Jones, *pro se*, Syracuse, New York.

FOR APPELLEES:                    Ted H. Williams, David Capriotti, Harris Beach PLLC, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 23, 2013, is AFFIRMED.

Plaintiff Randolph Jones, proceeding pro se, appeals from an award of summary judgment in favor of defendants. Jones asserts that the district court committed multiple substantive and procedural errors in dismissing his claims of employment discrimination under 42 U.S.C. §§ 1981a, 1983, and 1985, Title VII of the Civil Rights Act of 1964 ("Title VII"), id. § 2000e et seq., and New York law.[1] We assume the parties' familiarity with the

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

[1] Jones does not challenge on appeal the district court's conclusions that (1) his claims under New York State Human Rights Law are barred because they were adjudicated by the New York State Division of Human Rights in defendants' favor, (2) his Title VII claims relating to events that occurred before January 2009 are time-barred, (3) his Title VII hostile work environment claims are unexhausted, (4) his claim under 42 U.S.C. § 1985 is barred by the intra-corporate conspiracy doctrine, or (5) N.Y. Pub. Auth. Law § 2825 is inapplicable. Accordingly, we deem these issues abandoned. See Pabon v. Wright, 459 F.3d 241, 247 (2d Cir. 2006) ("When a litigant—including a pro se litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned." (internal quotation marks omitted)).

facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a grant of summary judgment de novo, and will affirm only if there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Guippone v. BH S & B Holdings LLC, 737 F.3d 221, 225 (2d Cir. 2013). In making that determination, we view the evidence in the light most favorable to non-movant Jones and draw all reasonable inferences in his favor. See DiStiso v. Cook, 691 F.3d 226, 229–30 (2d Cir. 2012).

Here, upon an independent review of the record and relevant case law, we conclude, substantially for the reasons stated by the district court in its published opinion, see Jones v. Onondaga Cnty. Res. Recovery Agency, 973 F. Supp. 2d 159 (N.D.N.Y. 2013), that summary judgment was properly awarded as to the challenged claims.

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3