16-115-cv
*Jones v. International Union of Operating Engineers, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand sixteen.

PRESENT:
>           PETER W. HALL,
>           DEBRA ANN LIVINGSTON,
>                   *Circuit Judges,*
>           NICHOLAS G. GARAUFIS,*
>                   *District Judge.*

------------------------------------------------

RANDOLPH JONES,

>           *Plaintiff-Appellant,*

>   v.                                                          16-115-cv

INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO LOCAL 158, 158 C, 158 S AND 158 RA, as Aider and Abettor, DANIEL MCGRAW, Business Manager, as Aider and Abettor, RICHARD A. ROSS, President, as Aider and Abettor, JEREMY MILLSON, Union Steward, as Aider and Abettor, and THOMAS

------------------------------------------------

* Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

SCHWEIZER, Business Representative, as
Aider and Abettor,

*Defendants-Appellees.*

───────────────────────

**FOR APPELLANT:**     Randolph Jones, *pro se*, Syracuse, NY.

**FOR APPELLEES:**     Frederick K. Reich, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Randolph Jones, *pro se*, appeals from the district court's dismissal of his discrimination, retaliation, and failure-to-grieve claims brought against his union pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and New York state law. On summary judgment, the district court dismissed his claims, reasoning that they failed on the merits or were barred by collateral estoppel and the applicable statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, we must "resolve all ambiguities and

draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials" are insufficient to create a genuine dispute of material fact. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citing *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)) (alterations omitted). Additionally, we may affirm the district court's grant of summary judgment on any basis supported by the record. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

Upon review, we conclude that under the doctrine of collateral estoppel, a decision rendered in a related action that Jones brought against his employer barred Jones's discrimination claims in this action. *See Jones v. Onondaga Cty. Res. Recovery Agency*, 973 F. Supp. 2d 159 (N.D.N.Y. 2013), *aff'd*, 577 F. App'x 19 (2d Cir. 2014) (summary order). Under the doctrine of collateral estoppel (or issue preclusion), a litigant is prevented from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). Collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)). If these four factors are satisfied, collateral estoppel applies even if

3

the subsequent action asserts a different cause of action, *see id*., or the issue "recurs in the context of a different claim," *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012), or there is not "complete identity" of the parties, *see LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 433 (2d Cir. 1995). Any claim in this case arising from the purported discriminatory nature of the side letter agreement or Onondaga County Resource Recovery Agency's (OCRRA's) selection of Boardway is barred because in Jones's earlier suit, the court concluded that no reasonable fact-finder could find that the collaborative decision between OCRRA and the union was motivated by Jones's race. *See Jones*, 973 F. Supp. 2d at 169. The issue of discrimination was actually and necessarily decided in the earlier suit, and Jones had a full and fair opportunity to litigate it there. We therefore affirm the dismissal of Jones's claims brought pursuant to Title VII, § 1981, § 1983, and his state-law discrimination claims.

Jones does not specifically challenge the district court's dismissal of his claim under the National Labor Relations Act ("NLRA"). To the extent that Jones seeks to maintain that claim, he has waived appellate review by failing to specifically raise any error committed below. We therefore affirm the dismissal of Jones's NLRA claim.[1]

---

[1] In the alternative, we affirm the district court's dismissal of the NLRA claim on the merits. This Court lacks subject matter jurisdiction to adjudicate public employees' claims of NLRA violations, *see Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009), because the NLRA does not apply to an employer that is a "State or political subdivision thereof," 29 U.S.C. § 152(2). A political subdivision of a state includes entities "created directly by the state, so as to constitute departments or administrative arms of the government." *N.L.R.B. v. Nat. Gas Util. of Hawkins Cty.*, 402 U.S. 600, 604 (1971). Jones's employer, the Onondaga County Resource Recovery Agency, is a public benefit corporation created by an act of the New York State Legislature. N.Y. Pub. Auth. Law § 2045-c. The district court thus properly dismissed Jones's claims for NLRA violations.

4

Although collateral estoppel did not bar Jones's retaliation claims or his claims brought under New York's Taylor Law, New York Civil Service Law § 200 *et seq.* (McKinney's Supp. 1978), we conclude that the district court properly dismissed these claims.   We therefore affirm for the reasons stated in the district court's well-reasoned and thorough order.

We have considered Jones's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk