07-3729-cv
USA v. Schulz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: February 4, 2008                          Decided: February 22, 2008)

Docket No. 07-3729-cv
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

– v. –

ROBERT L. SCHULZ, WE THE PEOPLE FOUNDATION
FOR CONSTITUTIONAL EDUCATION, INC., and
WE THE PEOPLE CONGRESS, INC.,

*Defendants-Appellants*.

_____

Before NEWMAN, WINTER and
SOTOMAYOR, *Circuit Judges*.

_____

Defendants-appellants Robert L. Schulz, We the People Foundation for Constitutional Education, Inc., and We the People Congress, Inc., appeal an August 15, 2007 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).  We affirm the district court's order under 26 U.S.C. § 7408 permanently enjoining defendants from violating 26 U.S.C. §§ 6700 & 6701 based on their distribution of false and misleading materials concerning corporate obligations to withhold federal taxes on wages.

ARTHUR T. CATTERALL, Attorney, Tax Division, Department of Justice, Washington, D.C. (Richard T. Morrison, Acting Assistant Attorney General, Gilbert S. Rothenberg, Acting Deputy Assistant Attorney General, Andrea R. Tebbets, Attorney, Tax Division, Department of Justice, Washington, D.C., and Glenn T. Suddaby, United States Attorney for the Northern District of New York, *on the brief*), *for Plaintiff-Appellee.*

ROBERT L. SHULZ, *pro se* (Mark Lane, *on the brief*), Queensbury, NY, *for Defendants-Appellants.*

PER CURIAM

Defendants-appellants Robert L. Schulz ("Schulz"), We the People Congress, Inc., and We the People Foundation for Constitutional Education, Inc. (together with We the People Congress, the "Corporations"), appeal an August 15, 2007 judgment of the United States District Court for the Northern District of New York  (McAvoy, *J.*), permanently enjoining defendants from violating 26 U.S.C. §§ 6700 & 6701 based on their distribution of false and misleading tax materials concerning corporate obligations to withhold federal taxes on wages.[1]  *See* 26 U.S.C. § 7408 (providing district courts authority to enjoin persons from engaging in certain "specified conduct" made illegal by the tax laws, including 26 U.S.C. §§ 6700 & 6701).  The district court also ordered defendants to, *inter alia,* provide the names and contact information of the individuals who have received defendants' tax materials, and to notify such recipients of the district court's decision and order.

---

[1]  The tax materials at issue were distributed in a packet called the "Blue Folder," which was made available by defendants both in hard copy and electronically via the internet.  The district court found that the materials included false representations about the tax laws, as well as instructions and forms to "legally terminate withholding."

Defendants principally argue that the tax materials at issue constitute protected political and/or educational speech under the First Amendment of the Constitution. Defendants further argue that their actions in promoting the materials are otherwise protected under the First Amendment's Petition Clause, on the theory that the government has yet to respond to defendants' repeated inquiries as to whether, and on what basis, any information in the tax materials is false. Finally, defendants assert that their actions were not violative of 26 U.S.C. §§ 6700 or 6701.

We have considered all of defendants' arguments and find them to be without merit. We affirm the judgment for substantially the reasons set forth in the district court's decision. *See United States v. Schulz*, __ F. Supp. 2d __, 2007 U.S. Dist. LEXIS 58271 (N.D.N.Y. Aug. 9, 2007).

We also vacate the stay we previously imposed with respect to Paragraph C of the injunction, which directs defendants to provide to the government the names and contact information of the individuals who have received the tax materials.[2] We find that Paragraph C is sufficiently tailored to the legal violations at issue, *see Society for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1251 (2d Cir. 1984) ("Injunctive relief should be narrowly tailored to fit the specific legal violations."), and that the district court did not abuse its discretion in imposing the conditions specified in that provision, *see Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 909 (2d Cir. 1993) (stating that the scope of an injunction is reviewed for abuse of discretion). The district court found that defendants' illegal activities were

_____

[2] On September 20, 2007, we denied defendants' motion to stay the full injunction, and instead granted their motion only with respect to Paragraph C only.

harming individuals, who were exposing themselves to criminal liability by following the defendants' ill-conceived instructions. *See Schulz*, 2007 U.S. Dist. LEXIS 58271, at *23. Requiring defendants to provide the identity and contact information of the recipients of the tax materials enables the government to monitor the defendants' obligation under the injunction to provide a copy of the district court's order to recipients of the tax materials. Moreover, the district court found that the defendants' illegal actions were harming the government, which was not receiving required tax payments and was forced to expend resources to collect the unpaid taxes. *Id.* at * 24. Requiring defendants to provide the identity and contact information of the recipients of the tax materials enables the government to monitor whether the recipients of defendants' materials are violating the tax laws. Thus, we find no abuse of discretion with respect to the district court's imposition of the reporting requirements in Paragraph C of the injunction.

Accordingly, we **AFFIRM** the district court's judgment and **VACATE** the partial stay on the district court's injunction. Moreover, we **DENY** defendants' pending motion requesting that we take judicial notice of a petition for rehearing of the Supreme Court's order denying a writ of certiorari in *We the People Foundation, Inc. v. United States*, 485 F.3d 140 (D.C. Cir. 2007), *cert. denied,* --- S. Ct. ----, 2008 WL 59413 (Jan. 7, 2008), as consideration of the petition for rehearing in that case is unnecessary to the disposition in this case.

4