10-3576-cv (L)
Smith v. SEC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of August, two thousand eleven.

Present:        ROSEMARY S. POOLER,
                REENA RAGGI,
                        *Circuit Judges,*
                JOHN G. KOELTL,
                        *District Judge.*[*]

_____

LYNN A. SMITH,

                        *Relief-Defendant-Appellant,*

GEOFFREY R. SMITH, LAUREN T. SMITH,

                        *Defendant-Appellants,*

                -v-                                    10-3576-cv(L)
                                                       11-0684-cv(CON)
                                                       11-0916-cv(CON)

SECURITIES AND EXCHANGE COMMISSION ,

                        *Plaintiff-Appellee,*

_____

        [*] Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

MCGINN, SMITH & COMPANY, INCORPORATED,
MCGINN, SMITH ADVISORS, LLC, MCGINN, SMITH
 CAPITAL HOLDINGS CORPORATION, FIRST ADVISORY
INCOME NOTES, LLC, FIRST EXCELSIOR INCOME
NOTES, LLC, FIRST INDEPENDENT INCOME NOTES, LLC,
THIRD ALBANY INCOME NOTES, LLC, TIMOTHY M.
MCGINN, DAVID L. SMITH, NANCY MCGINN,
DAVID M. WOJESKI, TRUSTEE OF THE DAVID L.
AND LYNN A. SMITH IRREVOCABLE TRUST U/A 8/04/04,

*Defendants.*

---

| | |
|---|---|
| For Plaintiff-Appellee: | Christopher Paik, Special Counsel, United States Securities and Exchange Commission (Mark D. Cahn, General Counsel, Ann K. Small, Deputy General Counsel, Jacob H. Stillman, Solicitor, *on the brief*), Washington, DC, Kevin Patrick McGrath, Senior Trial Counsel, United States Securities and Exchange Commission, New York, NY, *for Plaintiff-Appellee*. |
| For Relief-Defendant Appellant: | James D. Featherstonhaugh, Scott J. Ely, Stephen B. Hanse, Featherstonhaugh, Wiley & Clyne, LLP, Albany, NY. |
| For Defendant-Appellants: | Stephen B. Hanse, Featherstonhaugh, Wiley & Clyne, LLP, Albany, NY. |

Consolidated appeal from three orders of the United States District Court for the Northern District of New York (Homer, *M.J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the orders of said district court be and they hereby are **AFFIRMED**.

Appellants appeal from three orders of the United States District Court for the Northern District of New York (Homer, *M.J.*):[1] (1) a July 7, 2010 preliminary injunction continuing an asset freeze as to a stock account owned by Relief-Defendant-Appellant Lynn A. Smith; (2) a January 11, 2011 order denying Lynn Smith's motion to reconsider the magistrate judge's November 22, 2010 order, which froze the corpus of the David L. and Lynn A. Smith Irrevocable Trust U/A 08/04/04 (the "Trust"); and (3) a February 1, 2011 order authorizing the interlocutory sale of a house owned by Lynn A. Smith. The February 1, 2011 order is affirmed

---

[1] The parties consented to have these matters heard before the magistrate pursuant to 28 U.S.C. § 636(c).

in an opinion issued today, and accordingly, this summary order addresses only the preliminary injunction continuing the asset freeze as to the stock account and the denial of the motion to reconsider the asset freeze with respect to the Trust. We assume the parties' familiarity with the contemporaneous opinion, including its recitation of relevant facts, as well as the procedural history of the case and issues presented for review.

We review an order freezing assets, or modifying an asset freeze, for abuse of discretion. *See SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 438 (2d Cir. 1987).

The district court granted a preliminary injunction freezing the assets of a stock account held in Lynn Smith's name based in part upon a finding that David Smith was a joint owner of that account. The magistrate judge reached this conclusion after having considered several independent facts relating to David Smith's control over the account. These facts included that David Smith had assumed management of the account in the 1970s, after which the Smiths used the proceeds of that account to purchase their jointly owned primary residences, to pay the costs of college educations for their two children, to purchase two jointly owned vacation homes in Vermont and Florida, and to fund a trust created in both their names.

The magistrate judge also noted that although the account had always been maintained in Lynn Smith's sole name, for at least ten years, David Smith transacted business through the account using authorizations signed in blank by Lynn Smith or with authorizations containing Lynn Smith's signature that had, in fact, been signed by David Smith or one of his subordinates. David Smith also made deposits into the account, and used the account to make a number of short-term loans to his primary company (McGinn Smith & Co., Inc.) and its related entities. Although Lynn Smith argued before the district court that she was a bona fide creditor and was entitled to repayment with interest on these loans, the magistrate judge declined to credit this assertion based on the fact that Lynn Smith was unaware of how many loans she made, to whom the loans were made or the purpose of the loans. She was also unaware of the loans' interest rates or payment schedules. This failure to recollect, the magistrate judge concluded, "belies any claim of a legitimate creditor-debtor relationship."

We find no clear error in the magistrate judge's findings of fact, and therefore, find no error in the magistrate's conclusion that David Smith treated Lynn Smith's stock account as his own. Accordingly, we conclude that the district court did not abuse its discretion in continuing the asset freeze as to the stock account. *Accord SEC v. Heden*, 51 F. Supp. 2d 296, 300 (S.D.N.Y. 1999) (freezing an account where a defendant "treated [the] Account and his own account interchangeably").

With respect to the Trust, which purported to be for the benefit of the Smiths' children, we also conclude that there was no error in the district court's denial of Lynn Smith's motion to reconsider the order freezing the Trust corpus. We review an appeal from the denial of a motion for reconsideration for an abuse of discretion. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).

In *In re Vebeliunas*, 332 F.3d 85 (2d Cir. 2003), we assumed that New York courts would

allow the veil of a trust to be pierced in situations where the complete domination of a trust has been shown. We concluded that, too make such a showing, the SEC must establish that (1) the owner of the Trust exercised such control that the Trust had become a mere instrumentality of the owner; (2) the owner used this control to commit a fraud or "other wrong"; and (3) the fraud or wrong resulted in injury or loss. *Id.* at 91-92. To establish the first prong concerning control, it is sufficient to show here that David Smith could be considered the equitable owner of the Trust. such that he acted as though the Trust assets were "his alone to manage and distribute." *Id.* at 92.

Here, the magistrate judge re-froze the Trust corpus in light of an annuity agreement that entitled David and Lynn Smith to annual payments of approximately $500,000 beginning in 2015 and continuing until their deaths or until the Trust was exhausted. Coupled with the fact that David Smith had functioned as an investment advisor for the Trust, had paid approximately $100,000 in taxes owed by the Trust without reimbursement from the Trust, and Lynn Smith had paid expenses incurred by the Smiths' daughter, which would ordinarily have been paid by the Trust, the magistrate judge concluded that "David Smith possessed an equitable and beneficial interest in the Trust." Indeed, the magistrate judge noted that during the nearly six years between the time of the Trust's creation and the present litigation, only one disbursement was made from the Trust, and that was for the benefit of David Smith. We find no error in these conclusions, and therefore, hold that the district court did not abuse its discretion in declining to reconsider its order freezing the Trust assets.

We have considered the remaining issues presented by this appeal and find them to be without merit for substantially the reasons stated by the district court. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk