*68
 
 FEINBERG, Circuit Judge.
 

 The question in this appeal is whether a judgment of sanctions in the form of defense costs entered against a lawyer under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure is a nondis-chargeable debt “for willful and malicious injury by the debtor to another” for purposes of Bankruptcy Code Section 523(a)(6). For the reasons given below, we conclude that on the record in this case the answer is yes.
 

 I. BACKGROUND
 

 Debtor-appellant James Jay Ball, Esq. (“Ball”) has acted for many years as counsel for plaintiffs in lawsuits arising out of the sale of Harvestore farm silos manufactured by creditor-appellee A.O. Smith Corporation (“A.O.Smith”). The debt at issue in this appeal is a judgment of sanctions entered against Ball by the United States District Court for the Western District of Louisiana during the course of one such lawsuit filed on behalf of two Louisiana farmers, Timothy and Steven Gautreau. See
 
 Gautreau v.
 
 A.O.
 
 Smith Corp.,
 
 No. 98-CV-1187 (W.D.La. June 12, 2001).
 

 A. The Gautreau Proceeding
 

 In 1998 and with Ball as their counsel, the Gautreaus had filed a complaint against A.O. Smith alleging RICO and state-law fraud claims in connection with their purchase in 1977 of a used Harve-store silo. In August 2000, Judge Tucker L. Melancon of the Louisiana district court granted summary judgment for A.O. Smith and dismissed the action with prejudice. Judge Melancon found that plaintiffs’ claims were clearly time-barred under the one-year period prescribed for the state-law claims and the four-year statute of limitations for the RICO claims.
 

 A.O. Smith sought sanctions against Ball for his role in bringing the suit. Thereafter, Judge Melancon held a two-day evi-dentiary hearing to determine whether sanctions were warranted under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the court’s inherent power to sanction. The judge heard testimony from Ball’s client Timothy Gautreau and received into evidence questionnaires filled out by the Gautreaus which together demonstrated that Ball knew the Gautreaus were aware of problems with the silos by the early 1980s. At the conclusion of the evidentiary hearing, Judge Melancon determined that “[tjhere was not a colorable claim when the lawsuit was filed” and that the plaintiffs’ claims “were so obviously [barred] that under the circumstances it was unreasonable to bring the suit in the first place.”
 

 Accordingly, Judge Melancon found that Ball violated both Rule 11 and § 1927. The judge acknowledged that § 1927 “is to be sparingly applied, and it’s only in those cases when the entire course of the proceedings were unwarranted and should never have been commenced.” He expressly cited the Fifth Circuit’s opinion in
 
 FDIC v. Calhoun,
 
 which requires a showing of “improper purpose” before § 1927 sanctions may be imposed. See
 
 FDIC v. Calhoun,
 
 34 F.3d 1291, 1300 (5th Cir.1994). Judge Melancon ordered Ball to pay the entire cost of A.O. Smith’s defense, which came to $168,397.21. The Fifth Circuit affirmed this sanction.
 
 Gautreau v. A.O. Smith Corp.,
 
 34 Fed.Appx. 962 (5th Cir. Mar. 27, 2002).
 

 B. Bankruptcy Proceeding
 

 In February 2002, Ball instituted a Chapter 7 proceeding in the Bankruptcy Court for the Northern District of New York. A.O. Smith filed an adversary proceeding in the bankruptcy court requesting that the sanctions judgment imposed against Ball in the
 
 Gautreau
 
 proceeding
 
 *69
 
 be declared nondischargeable under Bankruptcy Code Section 523(a)(6). The bankruptcy court agreed with A.O. Smith that the debt was for Ball’s willful and malicious actions and therefore exempt from discharge. In re Ball, No. 02-60810 (Bankr.N.D.N.Y. Feb. 10, 2004). On Ball’s appeal, the District Court for the Northern District of New York determined that his “conduct is properly characterized as ‘willful and malicious’ ” and affirmed the bankruptcy court’s holding. Ball now appeals from that decision and also raises an evi-dentiary issue.
 

 II. DISCUSSION
 

 A. Standard of Review
 

 “In an appeal from a district court’s review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de
 
 novo.” In re Enron Corp.,
 
 419 F.3d 115, 124 (2d Cir.2005) (internal quotation marks omitted). We review the bankruptcy court’s evidentiary decisions for abuse of discretion.
 
 In re Croton River Club, Inc.,
 
 52 F.3d 41, 45 n. 2 (2d Cir.1995).
 

 B. Exception to Discharge for Willful and Malicious Injury
 

 Under the Bankruptcy Code, discharge is not available for a debt “for willful and malicious injury by the debtor to another.” 11 U.S.C. § 523(a)(6). As used in that section, the word “willful” indicates “a deliberate or intentional
 
 injury,
 
 not merely a deliberate or intentional act that leads to injury.”
 
 Kawaauhau v. Geiger,
 
 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The injury caused by the debtor must also be malicious, meaning “wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will.”
 
 In re Stelluti,
 
 94 F.3d 84, 87 (2d Cir.1996). Malice may be implied “by the acts and conduct of the debtor in the context of [the] surrounding circumstances.”
 
 Id.
 
 at 88 (alteration in original, internal quotation marks omitted).
 

 A creditor seeking to establish nondischargeability under § 523(a) must do so by the preponderance of the evidence.
 
 Grogan v. Garner,
 
 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Parties may invoke collateral estoppel to preclude relitigation of the elements necessary to meet a § 523(a) exception.
 
 Id.
 
 at 285 n. 11, 111 S.Ct. 654; see also, e.g.,
 
 In re Docteroff,
 
 133 F.3d 210, 215 (3d Cir.1997) (“Collateral estoppel is applicable if the facts established by the previous judgment ... meet the requirements of non-dischargeability. ...”). Federal principles of collateral estoppel, which we apply to establish the preclusive effect of a prior federal judgment, require that “(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.”
 
 Purdy v. Zeldes,
 
 337 F.3d 253, 258
 
 &
 
 n. 5 (2d Cir.2003) (internal quotation marks omitted).
 

 Collateral estoppel applies here to facts found by Judge Melancon concerning the nature of Ball’s conduct in the Gau-treau proceeding. Those facts were fully litigated in the evidentiary hearing before the Louisiana district court and were necessary to Judge Melancon’s decision to impose sanctions against Ball.
 
 [1]
 
 In fact,
 
 *70
 
 both parties urge us to apply collateral estoppel to the judge’s findings; they disagree only as to the effect of those findings on the present proceeding. Ball argues that Judge Melancon merely found his actions unreasonable and that we are now estopped from finding that Ball’s actions were malicious. A.O. Smith contends that the judge necessarily determined that Ball acted maliciously when he imposed sanctions under 28 U.S.C. § 1927.
 

 Judge Melancon made specific factual findings that satisfy the Bankruptcy Code’s malice requirement. The judge found that Ball interviewed the Gautreaus and reviewed two questionnaires they had filled out prior to instigating the lawsuit. These questionnaires detailed the Gau-treau’s experience with their A.O. Smith-manufactured Harvestore silos, including representations made by Harvestore representatives. Judge Melancon explicitly found that Timothy Gautreau’s testimony at the evidentiary hearing was truthful. Among other things, Gautreau testified that he told Ball prior to filing the lawsuit that he and his brother were aware by the early 1980s that their Harvestore silos were failing to live up to expectations. Judge Melancon also found that Ball should have known the Gautreaus’ claims were “obviously” barred, in part because Ball has been involved in many Harvestore cases against A.O. Smith “from at least the mid-1990s,” including three cases in the Fifth Circuit that were dismissed on statute-of-limitations grounds. Ball also acknowledged, in response to the judge’s questioning, that he was aware of relevant precedent concerning the statute of limitations for the Gautreaus’ claims.
 

 As noted above, the term “malicious” in the context of § 523(a)(6) means “wrongful and without just cause or excuse.”
 
 In re Stelluti,
 
 94 F.3d at 87. Although Judge Melancon’s opinion did not use the terms “malicious” or “malice,” his decision to award sanctions under § 1927 was affirmed by the Fifth Circuit, which has adopted standards for such an award requiring findings that are the equivalent of findings of malice.
 

 Under Fifth Circuit law, a district court may not properly impose sanctions pursuant to § 1927 unless the court finds the conduct to have been both unreasonable and for an improper purpose. See, e.g.,
 
 FDIC v. Calhoun,
 
 34 F.3d at 1300 (“Section 1927 requires a sanctioning court to do more than disagree with a party’s legal analysis; the court must make a separate determination on both the issue of the reasonableness of the claims and the purpose for which suit was instituted.”);
 
 FDIC v. Conner,
 
 20 F.3d 1376, 1384 (5th Cir.1994) (“Before a sanction under § 1927 is appropriate, the offending attorney’s multiplication of the proceedings must be both ‘unreasonable’ and ‘vexatious.’ ”). Thus, in
 
 Calhoun,
 
 the Fifth Circuit reversed a § 1927 award because the district court made only a finding of unreasonableness, not a finding of improper purpose: “Because no separate showing of improper purpose was made, the district court abused its discretion in imposing sanctions under this statute.” 34 F.3d at 1301.
 

 In awarding § 1927 sanctions to A.O. Smith in the present case, Judge Melancon made the findings described above and cited
 
 Calhoun,
 
 thereby indicating that he was applying the
 
 Calhoun
 
 standard. The
 
 *71
 
 Fifth Circuit affirmed without opining on this issue. In these circumstances, we must infer that the affirmance constitutes a ruling that Judge Melancon’s opinion sufficed as findings that Ball’s commencement of the suit against A.O. Smith was unreasonable and for an improper purpose.
 

 As we view conduct that is undertaken without just cause or excuse as unreasonable, and acts that are performed for an improper purpose as wrongful, we conclude that the facts found by Judge Melan-eon encompassed the concept of malice as used in § 523(a)(6).
 

 C. Evidentiary Ruling
 

 Ball also argues that the bankruptcy court abused its discretion by admitting into evidence, without a witness, a duplicate of a certified transcript of the evidentiary hearing held before Judge Me-lancon. We disagree. The original transcript, which includes a certification by the court reporter, is self-authenticating. See Fed.R.Evid. 902(4);
 
 United States v. Lumumba,
 
 794 F.2d 806, 815 (2d Cir.1986). Under Federal Rule of Evidence 1003, a “duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.” Ball has neither raised a genuine question as to the transcript’s authenticity nor shown how admitting the duplicate into evidence was unfair. The Bankruptcy Court therefore did not abuse its discretion by admitting the transcript without an authenticating witness.
 

 III. CONCLUSION
 

 For the foregoing reasons, the judgment of the district court is Affirmed.
 

 [1]
 

 . Rule 11(b) is violated when an attorney presents a pleading for an improper purpose or presents a frivolous claim or legal contention, among other things. Fed.R.Civ.P. 11(b).
 
 *70
 
 Section 1927 provides that any attorney “who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.” 28 U.S.C. § 1927. Under Fifth Circuit law, which Judge Melancon was bound to apply, the imposition of § 1927 sanctions requires "a showing of improper purpose.”
 
 FDIC v. Calhoun,
 
 34 F.3d at 1300.