In re: Billy D. DOBBS Jr., Debtor.

Billy D. Dobbs Jr., Debtor–Appellant,

v.

Richard Mehrlich, Appellee.

No. 06–3885–bk.

United States Court of Appeals,
Second Circuit.

June 29, 2007.

David Carlebach, Law Offices of David Carlebach, New York, NY, for Appellant.

Isaac Nutovic, Nutovic & Associates, New York, NY, for Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges, Hon. EDWARD R. KORMAN, District Judge *.

### SUMMARY ORDER

Debtor-appellant appeals from an August 15, 2006 judgment of the District Court affirming an August 4, 2005 order of the United States Bankruptcy Court for the Southern District of New York (Robert D. Drain, *Bankruptcy Judge*), which deemed debtor-appellant's debt of $751,462.50 plus interest to appellee nondischargeable under 11 U.S.C. § 523(a)(2)(A). We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* the District Court's application of the doctrine of collateral es-

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

toppel. *Chartier v. Marlin Mgmt., LLC,* 202 F.3d 89, 93 (2d Cir.2000). Debtor-appellant provides no support, and we have found none, for his argument that collateral estoppel does nothing more than permit "the utilization of the legal conclusion of one court with respect to a given set of facts, by another court." This Court has long recognized the preclusive effect of prior factual findings. *See, e.g., The Evergreens v. Nunan,* 141 F.2d 927, 928 (2d Cir.1944). Nor do we find persuasive debtor-appellant's assertion that dicta in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), changed the fundamental rules of collateral estoppel with respect to § 523. *See id.* at 139 n. 10, 99 S.Ct. 2205 ("If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [the precursor to § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court."). This dicta is merely a general statement that the ordinary prerequisites for application of collateral estoppel apply, and plaintiff has not explained how the allegedly incorrect analysis used by the arbitrator affected the parties' incentives to litigate the particular facts at issue or rendered those particular facts unnecessary to the arbitrator's decision. *See Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d Cir.2006). Finally, we think that it was entirely proper for the District Court to decline to consider debtor-appellant's argument, raised for the first time in its reply brief, regarding proximate causation.

We have considered all of debtor-appellant's arguments and find them without merit. The District Court's judgment is **AFFIRMED.**