AMENDED SUMMARY ORDER

Kevin Waltzer and Stewart Grossman appeal from a judgement of the district court, affirming the judgement of the Bankruptcy Court for the Southern District of New York, finding that their claims for damages against the debtor, MarketXT Holdings, were subject to mandatory subordination pursuant to 11 U.S.C. 510(b). We assume parties familiarity with the facts, proceedings below, and specification of the issues on appeal. The standard of review in a bankruptcy appeal is plenary. We “review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous, but reviewing its conclusions of law de novo.” Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir.2006).
Appellants principally argue that the bankruptcy court judgement was inconsistent with the Second Circuit’s decision in Rombro v. Dufrayne, 461 F.3d 251 (2d Cir.2006) (“In re Med Diversified ”). Specifically, appellants contend that the bankruptcy court misread In re Med Diversified as imposing a “but-for” test for determining whether Waltzer’s claim should be subordinated pursuant to 11 *746 U.S.C. 510(b). Appellants further argue that Waltzer did not adopt the risk and return expectations of a shareholder, and that his claim therefore should not be subordinated under In re Med Diversified.
We find that the bankruptcy court faithfully applied the standard set forth in In re Med Diversified. Id. at 255. First, the bankruptcy court determined that Waltzer’s claim fell within the plain meaning of the statute, that is a “claim ... for damages arising form the purchase or sale of ... a security.” 11 U.S.C. 510(b) (2006). The bankruptcy court correctly began with the plain meaning of the statute. See United States v. Ron Pair Enters., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); In re Med Diversified. Id. at 259. Furthermore, we agree with the bankruptcy court that Waltzer’s claim, based on a state court judgement for damages in connection with the sale of stock, fell within the plain meaning of the statute.
The district court’s finding that Waltzer’s claim was covered by the plain meaning of the statute was alone sufficient to require mandatory subordination. The district court, however, also correctly observed that Waltzer’s claim fell within the policy rationales cited by this Court in In re Med Diversified. In finding that mandatory subordination was appropriate in In re Med Diversified, we focused on the following policy considerations that had informed Congress in passing section 510(b): whether the claimant “1) took on the risk and return expectations of a shareholder, rather than a creditor, or 2) seeks to recover a contribution to the equity pool presumably relied upon by creditors in deciding whether to extend credit to the debtor.” Id. at 256.
A finding that subordination furthers either the risk-expectations or equity-pool rationale is sufficient for a court to require under In re Med Diversified. Id. at 259. In this case, by purchasing securities and then electing to sell them, Waltzer assumed risk that is fundamental to any securities transaction and that Congress put on a different footing than the claims of creditors in enacting section 510(b). Id. We therefore agree with the district court that Waltzer’s claim falls within the plain meaning of the statute, and also supports one of the central policy rationales that informed its enactment.
Finally, appellants challenge the bankruptcy court’s judgement on the grounds that it did not find that subordination further the equity-cushion rationale. This argument is unavailing, because In re Med Diversified holds that a finding that supports either of the two policy rationales is sufficient to require subordination, and because Waltzer’s claim is covered by the plain meaning of the statute.
For the reasons stated above, the judgment of the district court is AFFIRMED.