12-1692-bk
*CIT Grp. Inc. v. Tyco Int'l Ltd.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:

>    JOSÉ A. CABRANES,
>    CHESTER J. STRAUB,
>    PETER W. HALL,
>                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: CIT GROUP INC.,

        *Reorganized Debtor.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CIT GROUP INC.,

        *Plaintiff-Appellant,*

        -v.-                                                No. 12-1692-bk

TYCO INTERNATIONAL, INC.,

        *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANT:** | PAUL ZIDLICKY, Sidley Austin LLP, Washington, D.C. (John G. Hutchinson, Lee S. Attanasio, John J. Kuster, Nicholas K. Lagemann, Sidley Austin LLP, New York, NY, *on the brief*). |
| **FOR APPELLEE:** | MARSHALL R. KING (Janet M. Weiss, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, NY. |

Appeal from an order of the United States Bankruptcy Court for the Southern District of New York (Allan L. Gropper, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 18, 2012 judgment of the Bankruptcy Court be **AFFIRMED**.

CIT Group, Inc. ("CIT"), a reorganized debtor, appeals from a January 18, 2012 judgment of the Bankruptcy Court dismissing its adversary proceeding against Tyco International, Inc. ("Tyco") for subordination pursuant to 11 U.S.C. § 510(b) of Tyco's successful breach of contract claim. We assume familiarity with the underlying facts and procedural history of this case, some of which we discuss below for ease of reference.

In June 2001, Tyco caused its wholly-owned direct subsidiary company called Tyco Capital Holding, Inc. ("TCH") to purchase CIT for approximately $9.5 billion. In 2002, Tyco determined that it would "monetize" its investment in CIT by conducting an initial public offering ("IPO") of all shares of CIT's common stock. In order to do so, Tyco caused CIT to merge with TCH, its parent company, and to take on TCH's debts and assets, including approximately $794 million in net operating losses ("NOLs"). Prior to the merger, CIT and Tyco entered into a contract (the "Tax Agreement") whereby, *inter alia*, Tyco agreed to indemnify CIT against any tax burdens arising from the merger with TCH, and CIT agreed to repay to Tyco any tax benefits resulting from CIT's use of the NOLs to offset taxable revenues.

In the offering documents for the IPO, Tyco represented that, after the sale was complete, Tyco would retain no "direct or indirect equity interest in CIT." The sale was completed on July 8, 2002.

On November 1, 2009, CIT filed for bankruptcy relief pursuant to Chapter 11 of the Bankruptcy Code. As a part of the proceedings in bankruptcy, CIT repudiated the Tax Agreement with Tyco. On January 7, 2010, treating the repudiation as a breach of the Tax Agreement, Tyco filed a claim with the Bankruptcy Court pursuant to 11 U.S.C. § 365(g) (the "Tyco Claim").

On June 11, 2011, CIT commenced the current adversary proceeding against Tyco in an attempt

2

to subordinate Tyco's claim in bankruptcy to that of CIT's other creditors, pursuant to Section 510(b) of the Bankruptcy Code (11 U.S.C. § 510(b)).[1] CIT alleged that the Tyco Claim was a "claim . . . for damages arising from the purchase or sale," *id.*, of CIT's shares, because the parties had entered into the Tax Agreement in order to smooth the IPO process. The Tyco Claim, CIT argued, was therefore subject to subordination.

The parties cross-moved for summary judgment on September 15, 2011 (CIT), and October 20, 2011 (Tyco). On December 21, 2011, the Bankruptcy Court granted Tyco's motion and denied CIT's motion, finding that the Tyco Claim was not a claim "for damages arising from the purchase or sale" of CIT's securities. *In re CIT Group Inc.*, 460 B.R. 633 (Bankr. S.D.N.Y. 2011) ("*In re CIT Grp.*"). The Court, relying on *Rombro v. Dufrayne* (*In re Med Diversified*), 461 F.3d 251 (2d Cir. 2006), observed that the purpose of Section 510(b) was to prevent disfavored equity claims in bankruptcy from being disguised as higher-priority creditor claims. The Court rejected CIT's argument that "a causal connection between the claim and a securities transaction is enough to require subordination." *In re CIT Grp.*, 460 B.R. at 638–39. Rather, the Court observed, "claims should be subordinated if the claimant '(1) took on the risk and return expectations of a shareholder, rather than a creditor, or (2) seeks to recover a contribution to the equity pool presumably relied upon by creditors in deciding whether to extend credit to the debtor.'" *Id.* at 638 (quoting *In re Med Diversified*, 461 F.3d at 256).

Applying *In re Med Diversified*, the Bankruptcy Court held that, although "[t]here [was] no question that the Tax Agreement has a nexus to the issuance of the stock in the IPO in that both were agreed to in connection with the spinoff of CIT from Tyco," the existence of a "mere 'connection' between the claim and the purchase or sale of a security [was] not enough to support a finding that the claim 'arises from' the purchase or sale and should be subordinated unless the purposes of the statute

---

[1] Section 510(b), entitled "Subordination," provides, in pertinent part, that "[f]or the purpose of distribution under [the Bankruptcy Code], a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, [or] for damages arising from the purchase or sale of such a security, . . . shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security."

would be served thereby." *In re CIT Grp.*, 460 B.R. at 639. It further held that Tyco's retention of the right to "variable" payments[2] did not mean that Tyco had retained an equity interest in CIT. *Id.* at 641. The Bankruptcy Court therefore determined that the Tax Agreement did not constitute an equity interest in CIT, but rather a creditor claim, and it declined to subordinate the claim. *Id.* at 644.

On appeal,[3] CIT argues that the Bankruptcy Court should have subordinated Tyco's claim pursuant to Section 510(b) because the Tyco Claim is more akin to a shareholder's claim than a creditor's claim. We "review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous, but reviewing its conclusions of law *de novo*." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quotation marks omitted).

## CONCLUSION

We have carefully reviewed the record and the parties' arguments on appeal, and have determined that appellant's arguments are meritless. The January 18, 2012 judgment of the Bankruptcy Court is affirmed, substantially for the reasons stated in its thoughtful and comprehensive December 21, 2011 Memorandum of Opinion.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Tyco did not dispute that payments would be variable because they would only be triggered if CIT's profits in a particular year rose above the level of CIT's own net operating (*i.e.*, tax-offsetting) losses.

[3] CIT petitioned the Bankruptcy Court to certify this issue for immediate appeal to this Court. The Bankruptcy Court did so, and we accepted jurisdiction on April 26, 2012.