16-3341
*Bulovic v. The Stop & Shop Supermarket Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

Present:
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*,
        JED S. RAKOFF,
            *District Judge.**

_____

DANICA BULOVIC,

        *Plaintiff-Appellant*,

        v.                                16-3341

THE STOP & SHOP SUPERMARKET COMPANY, LLC,
UNITED FOOD AND COMMERCIAL WORKERS
INTERNATIONAL UNION, INDUSTRY PENSION
FUND-FUTURE SERVICE PENSION PLAN,

        *Defendants-Appellees*.

_____

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Plaintiff-Appellant:           DANICA BULOVIC, *pro se*, Mamaroneck, NY.

For Defendants-Appellees:          Amy L. Ventry-Kagan, Daniel Gomez-Sanchez, Littler
                                   Mendelson P.C., Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Danica Bulovic ("Bulovic"), proceeding *pro se*, appeals from a September 7, 2016 judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*) that *sua sponte* dismissed her complaint as barred by issue preclusion and claim preclusion.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bulovic is seeking pension benefits that she believes she earned while working for Edwards Super Food, a grocery store operated by First National Supermarkets ("First National"), which in turn was owned by The Stop and Shop Supermarket Company ("Stop & Shop"). *Bulovic v. Both*, 14 F. Supp. 3d 365 (S.D.N.Y. 2014) ("*Bulovic I*"). Stop & Shop had contributed money to United Food & Commercial Workers ("UFCW") pension funds on behalf of First National employees, including Bulovic. *Id.* at 367.

In 2012, Bulovic sued the UFCW Local 1500 Fund (and its manager/trustee). The district court in *Bulovic I* construed her complaint as asserting causes of action under Sections 104(b)

---

[1] The court subsequently denied Bulovic's motion for reconsideration on November 17, 2016. However, because Bulovic did not amend her notice of appeal or file a new notice of appeal to include the district court's denial of her motion for reconsideration, that denial is not before us for review. *See Sorensen v. City of New York*, 413 F.3d 292, 295–96 (2d Cir. 2005) (a notice of appeal filed after entry of judgment but before an order disposing of a Federal Rule of Civil Procedure 4(a)(4) motion does not give the Court jurisdiction to review that order).

and 502(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), and as challenging the Fund's decision to deny her application for pension benefits. *Id.* at 378. After an extensive review of both the applicable retirement plan and Bulovic's work history, the district court concluded that Bulovic lacked standing to assert any of these claims because she was neither a "participant" nor a "beneficiary" under ERISA. *Id.* at 390. In so finding, the court concluded that Bulovic did not "have a colorable claim to vested benefits, nor did she have such a claim at any point before or after her termination." *Id.* at 386. The court granted the defendants' motion for summary judgment in a March 31, 2014 order. *Id.* at 390–91.

In June 2016, Bulovic filed a new complaint alleging the same series of facts. She now sued Stop & Shop and a national union pension fund of the UFCW (without specifying any local) for pension benefits owed to her based on her employment from 1989 to 1999 with Stop & Shop, Waldbaum's, and A&P, just as in *Bulovic I*. The district court issued an order on August 11, 2016 granting her permission to proceed *in forma pauperis*. On September 7, 2016, the district court then dismissed her complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Even after construing her complaint as liberally as possible, the district court concluded that Bulovic was bringing the same claim she brought in *Bulovic I* and was precluded from doing so under both res judicata and collateral estoppel.

\* \* \*

This Court reviews *de novo* the district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Relitigation of an issue of fact or law is precluded on the basis of collateral estoppel if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the

3

issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (quoting *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d Cir. 2006)); *see also Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003).

We agree with the district court that Bulovic's current complaint raises the exact same issue she lost on three years ago. The complaint makes clear she seeks "overdue pension benefits" she purportedly earned while employed at various grocery stores from 1989 to 2000. Bulovic can prevail only by demonstrating she met one of her pension plan's criteria for vesting. In *Bulovic I*,

> (1) the district court held that she did not meet any of the criteria,
>
> (2) this issue was actually decided in *Bulovic I*,
>
> (3) Bulovic had a full and fair opportunity to litigate that issue (she argued her own case before the district court in person, and the district court published a twenty-page opinion developing but ultimately rejecting the best arguments for her position), and
>
> (4) this issue was the basis for the district court's decision in *Bulovic I*.

Bulovic contends that the present case is distinct from her earlier action because in that case she was not actually attempting to claim her pension benefits. Instead, she says, she was only alleging breach of fiduciary duty for refusal to provide relevant pension plan documents under Section 502. Assuming *arguendo* that this is the case, however, the *Bulovic I* court found that in order to address Bulovic's Section 502 claims, "the court must necessarily, if indirectly, also address Plaintiff's putative claim that the [UFCW Local 1500 Fund's] Board erred in denying her pension benefits application." *Bulovic I*, 14 F. Supp. 3d at 379. Since the *Bulovic I* court concluded that the board did not err, Bulovic is estopped from relitigating her entitlement

4

to pension benefits, and thus the present complaint was properly dismissed on the basis of issue preclusion. *See Purdy*, 337 F.3d at 258.

We have considered all of Bulovic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk