In re Sterling

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12th day of September, two thousand eighteen.

PRESENT: RALPH K. WINTER,
     JOHN M. WALKER, JR.
     CHRISTOPHER F. DRONEY,
       *Circuit Judges*.

_____

IN RE EVERTON ALOYSIUS STERLING

_____

EVERTON ALOYSIUS STERLING,

     *Debtor-Appellant*

   v.                No. 17-949

1279 ST. JOHN'S PLACE, LLC,

     *Creditor-Appellee.*

_____

FOR DEBTOR-APPELLANT:    Everton Aloysius Sterling, pro se, Bronx, NY.

FOR CREDITOR-APPELLEE:    Jerold C. Feuerstein, Jason S. Leibowitz, Daniel N. Zinman, Kriss & Feuerstein LLP, New York, NY.

Appeal from a March 3, 2017, judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Everton Aloysius Sterling, proceeding pro se, appeals from the district court's judgment affirming a bankruptcy court order (the "2016 order") denying his motion to (1) set aside its earlier ruling granting 1279 St. John's Place, LLC (the "creditor") relief from an automatic bankruptcy stay (the "2015 order") and (2) hold an additional evidentiary hearing. Sterling had opposed the creditor's motion to lift the automatic stay, arguing that it did not have standing to so move. The bankruptcy court ruled that the creditor established standing by virtue of its possession of the note and allonge for properties in which Sterling had an interest, and lifted the stay. Sterling then filed a motion to set aside the 2015 order and for an additional evidentiary hearing about the creditor's standing; the bankruptcy court denied the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review of bankruptcy appeals, assessing the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015). Discretionary rulings of a bankruptcy court are reviewed for abuse of discretion. *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 71 (2d Cir. 2006) (evidentiary decisions); *In re 310 Assocs.*, 346 F.3d 31, 34 (2d Cir. 2003) (reconsideration); *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999) (lift stay).

Sterling's arguments on appeal are without merit. The creditor is a proper party to the action to lift the automatic stay because, as holder of the note and allonge, it could seek foreclosure in state court, and is therefore a "party in interest." *See* 11 U.S.C. § 362(d); *In re Comcoach Corp.*, 698 F.2d 571, 573–74 (2d Cir. 1983).

Nor was Sterling entitled to an evidentiary hearing under Federal Rule of Bankruptcy Procedure 9014 regarding the creditor's standing. The creditor's production of the original note and allonge to the bankruptcy court was sufficient to establish its standing. Sterling's challenge to the validity of the assignment may be fully litigated in the state court foreclosure action.

We have considered Sterling's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2