19-2988-bk
*In re: Bernard L. Madoff Investment Securities LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty.

PRESENT:

> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

IN RE: BERNARD L. MADOFF INVESTMENT SECURITIES LLC, *Debtor.*

_____

AARON BLECKER, BEN HELLER, ARTHUR BLECKER & SOFIE BLECKER J/T Wros, AARON BLECKER REV TRUST U/A/D 3/1507, DORON TAVLIN TRUST DORAN A TAVLIN and HARVEY KRAUSS ESQ TRUSTEES, BARBARA KOTLIKOFF HARMAN, THE HARNICK BROTHERS PARTNERSHIP, C/O Gary Harnick, BENJAMIN T. HELLER IRREVOCABLE TRUST, ROBERTA SCHWARTZ TRUST U/A/D 2/11/08, LAURA ANN SMITH REVOCABLE LIVING TRUST, RYAN TAVLIN TRUST UA 10/31/96 DORON A. TAVLIN and HARVEY KRAUSS ESQ Trustees, THERESA R. LAWRENCE J. RYAN Trustees U/D/T 11/20/91, DANIEL RYAN, LAWRENCE J. RYAN By-Pass Trust Under Declaration of TST DTD Nov. 20, 1991, MAURICE SANDLER MD & GLORIA SANDLER REV LIV TRUST,

> *Claimants-Appellants,*

EVELYN BEREZIN WILENITZ, TRUST U/ART FOURTH O/W/O Israel Wilenitz Evelyn Berezin, FRIEDA FRESHMAN Trustee FRIEDA FRESHMAN REV Trust 12/31/92, FRIEDA FRESHMAN Trustee WALTER FRESHMAN Trust "A" 12/31/92, Gunther Unflat & Margaret Unflat J/T Wros,

> *Claimants,*

v.                                                        No. 19-2988-bk

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

*Trustee-Appellee*,

SECURITIES INVESTOR PROTECTION CORPORATION,

*Intervenor*.

_____

FOR CLAIMANTS-APPELLANTS:    HELEN D. CHAITMAN (Lance Gotthoffer, *on the brief*), Chaitman LLP, New York, NY.

FOR TRUSTEE-APPELLEE:    SEANNA R. BROWN (David J. Sheehan, Amy E. Vanderwal, *on the brief*), Baker & Hostetler LLP, New York, NY.

FOR INTERVENOR:    NATHANAEL S. KELLEY (Kenneth J. Caputo, Kevin H. Bell, *on the brief*), Securities Investor Protection Corporation, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on August 19, 2019, affirming the order of the Bankruptcy Court entered on August 3, 2018, is **AFFIRMED**.

This appeal arises out of an omnibus proceeding in the ongoing liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), conducted pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Claimants-Appellants (collectively, "Blecker") challenge calculations used by Trustee-Appellee Irving H. Picard ("Trustee") to determine the "net equity" of Blecker's

2

SIPA claims against the BLMIS estate. The Bankruptcy Court found, following an evidentiary hearing, that the Trustee correctly treated so-called Profit Withdrawal ("PW") Transactions as debits for the purpose of determining Blecker's net equity under the "Net Investment Method" endorsed by this Court in *In re BLMIS*, 654 F.3d 229, 238 (2d Cir. 2011) ("*Net Equity Decision*"), *cert. denied*, 567 U.S. 934 (2012). In light of the evidence presented to it, the Bankruptcy Court found that Blecker did not carry his burden of proving that he never received the payments from the PW Transactions that were shown as debits on his BLMIS customer account statements because, by not objecting to them over an extended period of time, Blecker ratified the debits shown on those statements. In light of this finding, the Bankruptcy Court concluded that the Trustee correctly calculated Blecker's net equity as zero under the Net Investment Method and therefore correctly denied Blecker's claims.

On appeal to our Court from a district court's decision on a bankruptcy appeal, we review *de novo* the district court's ruling. *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). We "review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006).[1] We review a bankruptcy court's evidentiary rulings for abuse of discretion. *Id.*

Blecker first contends that the Bankruptcy Court erred by admitting into evidence BLMIS's books and records and the summary exhibits prepared by the Trustee's expert. Blecker's arguments in support of this proposition are not persuasive.[2] The Bankruptcy Court's relevance determination supporting the admission of evidence related to the accounts of BLMIS customers other than Blecker was far from "arbitrary or irrational." *United States v. Schultz*, 333 F.3d 393, 415 (2d Cir. 2003). Rather, the determination was well

---

[1] Unless otherwise noted, this Summary Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

[2] We reject Blecker's overarching argument that the Bankruptcy Court impermissibly "relax[ed]" the Federal Rules of Evidence when conducting its evidentiary hearing. Appellants' Br. 29-32. As reflected in our textual discussion, and as concluded by the District Court, the record demonstrates that the Bankruptcy Court rigorously applied the Federal Rules of Evidence. We find no legal error.

3

supported by its finding that "the 'other customer' records relied on by the [Trustee's] experts tends to make it more probable that PW Transactions represented cash withdrawals in any individual customer case." Special App'x 56; *see also Net Equity Decision*, 654 F.3d at 238-39 ("[P]ayments based on withdrawals and deposits . . . can be confirmed by the debtor's books and records . . . ."). Further, and for the same reasons as discussed at length by the District Court in its thorough opinion, we conclude that the Bankruptcy Court did not exceed the permissible bounds of its discretion by admitting BLMIS's books and records and the Trustee's summary exhibits under the applicable Federal Rules of Evidence. Special App'x 19-27 (analyzing Fed. R. Evid. 803(6), 803(7), and 1006).

As to the Bankruptcy Court's factual determination that Blecker ratified the PW Transactions, we see no clear error.[3] We agree with Blecker that he did not "waive" his argument opposing the Trustee's use of the 1992 BLMIS customer agreements to establish that he ratified the pre-1992 PW Transactions depicted in his account statements; he raised the argument adequately in his proposed counter-findings of fact and conclusions of law in response to the Bankruptcy Court's January 2018 evidentiary hearing. *See In Re: Bernard L. Madoff*, Adv. Pro. No. 08-1789 (Bankr. S.D.N.Y.), Dkt. 17398 ¶ 176. But the Bankruptcy Court's ratification finding was not based on the 1992 BLMIS customer agreements alone. On the contrary, the Bankruptcy Court found that Blecker was "barred from contesting that the PW Transactions reduced the balances in his accounts" because it identified no record evidence that Blecker "ever protested the transactions," despite his knowledge of them. Special App'x 65-66. We do not see any clear error in the Bankruptcy Court's determination that Blecker ratified all PW Transactions, whether as a result of the 10-day clause in the 1992 customer agreements (for PW Transactions postdating those agreements), or through his years-long, knowing acceptance of the PW Transactions and the corresponding reductions to his BLMIS accounts (for PW Transactions predating those agreements). *See In re Adelphia*

---

[3] The Bankruptcy Court found that the Trustee showed that Blecker's accounts had "no net equity"; the court further ruled that Blecker failed to demonstrate otherwise, regardless of which party had the initial burden of proving the value of Blecker's claims under SIPA. Special App'x 68. We identify no error in this determination. Therefore, we need not decide which party bears the burden of proof under SIPA as to the value of claims presented for coverage.

*Recovery Tr.*, 634 F.3d 678, 691-92 (2d Cir. 2011); *Modern Settings, Inc. v. Prudential-Bache Sec., Inc.*, 936 F.2d 640, 644-46 (2d Cir. 1991).

* * *

We have considered Blecker's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the District Court affirming the order of the Bankruptcy Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court