22-944-bk
In re Vivenzio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

**In Re: John Francis Vivenzio**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**John Francis Vivenzio, Debtor, DBA Vivenzio Associates, LLC, DBA Intelintix Software,**

> *Appellant,*

> v.                                                                      22-944

**Office of the Standing Chapter 13 Trustee, Krista M. Preuss, Trustee,**

> *Appellees,*

**United States Trustee,**

> *Trustee.*

---

**FOR APPELLANT:**                              JOHN FRANCIS VIVENZIO, pro se, Setauket, NY.

**FOR APPELLEES:**                              Nathan Kaufman, Office of the Standing Chapter 13 Trustee Krista M. Preuss, Jericho, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Vivenzio, proceeding pro se, filed a Chapter 13 bankruptcy petition in March 2019.[1]   The Chapter 13 trustee moved to dismiss the petition and the bankruptcy court granted the motion, ordering the trustee to settle an order of dismissal.   Before that order could be settled, Vivenzio filed a third amended bankruptcy plan ("Third Amended Plan").   A year later, the bankruptcy court scheduled an evidentiary hearing on the motion to dismiss and other pending issues and instructed the parties to submit evidence.   Vivenzio submitted no evidence concerning the feasibility of the Third Amended Plan.   After the hearing, the bankruptcy court dismissed Vivenzio's petition, reasoning that he had failed to show that the Third Amended Plan was feasible.   Vivenzio appealed to the district court, which affirmed the dismissal.   We

---

[1] Chapter 13 "provides bankruptcy protection to individuals with regular income whose debts fall within statutory limits"; they are "permitted to keep their property, but they must agree to a court-approved plan under which they pay creditors out of their future income," a process overseen by the bankruptcy trustee.   *Hamilton v. Lanning*, 560 U.S. 505, 508 (2010) (alteration adopted) (internal quotation marks and citations omitted).   A Chapter 13 proceeding therefore "affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property."   *Bullard v. Blue Hills Bank*, 575 U.S. 496, 498 (2015).

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review of orders by district courts acting as appellate courts in bankruptcy cases, reviewing conclusions of law de novo and factual findings for clear error. *Superintendent of Ins. for the State of N.Y., as Liquidator of First Cent. Ins. Co. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 212 (2d Cir. 2004). The evidentiary decisions of the bankruptcy court are reviewed for abuse of discretion. *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). To the extent that a decision to dismiss for cause is guided by equitable considerations, we review that dismissal for abuse of discretion. *See Schwartz v. Geltzer (In re Smith)*, 507 F.3d 64, 72–73 (2d Cir. 2007).

Under 11 U.S.C. § 1307(c)(5), a bankruptcy court may dismiss a Chapter 13 petition after notice and a hearing where confirmation of the plan has been denied. Vivenzio did not offer any evidence to show that the Third Amended Plan was feasible. Although the plan included statements that claimed Vivenzio (and others of his household) would earn certain income amounts over a five-year period, he did not offer any evidence supporting these assertions. Therefore, the bankruptcy court did not abuse its discretion by concluding that the plan lacked feasibility.

In addition to the fact that Vivenzio's Third Amended Plan was not feasible, the plan was likely not confirmable because Vivenzio was approximately $10,000 in arrears at the time of the August 2020 hearing. A prerequisite to confirmation of a bankruptcy plan is that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Vivenzio failed to make all required pre-confirmation payments, which suggested

3

that he would not be able to maintain those payments post-confirmation.

Vivenzio argues that his payments were current. But a simple accounting of his payments demonstrates that he was in arrears. Under his Third Amended Plan, Vivenzio was to make 12 payments of $2,552 from April 8, 2019 to March 8, 2020 and then 18 payments of $3,152 beginning April 8, 2020. At the time of the August 2020 hearing, Vivenzio was required to have made $46,384 in payments. Although Vivenzio had made payments to the trustee totaling approximately $35,000, he had failed to make all the required payments under the bankruptcy plan.

Vivenzio next argues that he did not receive timely notice of the August 2020 hearing. Although no rule speaks to what notice is required for an evidentiary hearing scheduled *sua sponte*, pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure "reasonable notice and opportunity for [a] hearing" regarding any "contested matter" must be "afforded [to] the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). Here, the bankruptcy court's scheduling order directed service no later than July 30, 2020, which was 18 days prior to the August 17 evidentiary hearing. Vivenzio offers no grounds on which to conclude that this was unreasonable under the circumstances. Indeed, though Vivenzio filed an objection to both the method of service and the admissibility of certain evidence to the bankruptcy court prior to the evidentiary hearing, at no point did he seek additional time to help him better prepare. Nor did he indicate in his objection or during oral argument at the hearing that his failure to present evidence on feasibility was the result of the purported lack of notice.[2]

---

[2] On appeal, Vivenzio argues that the August 2020 hearing was subject to Rule 2002(b), which requires 28 days' notice before a plan confirmation hearing, or, in the alternative, Rule 2002(a),

4

Vivenzio next argues that there was no pending motion to dismiss because the trustee abandoned her previously-filed motion. Under E.D.N.Y. Local Bankruptcy Rule 9072-1(a), a settlement order shall be filed within 14 days of the bankruptcy court's direction or "such other time period as the Court may direct." "If the order is not timely submitted or settled, the matter *may* be deemed abandoned." E.D.N.Y. Local Bankr. R. 9072-1(d) (emphasis added). However, the bankruptcy court "may modify or suspend the requirements" set forth in the local rules. E.D.N.Y. Local Bankr. R. 1001-1(d); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991) ("[T]he district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked."), *superseded by rule on other grounds*, Fed. R. Civ. P. 5(d)(4) & 83 (a)(2).

Here, the bankruptcy court directed the trustee to file the settlement order within 21 days of the June 13, 2019 hearing. The trustee filed the settlement order on July 8, 2019. Vivenzio is correct that the trustee filed the settlement order outside of the 21-day period but, as the district court reasoned, the bankruptcy court was free to disregard the untimeliness of the filing. In addition, Vivenzio did not object to the invocation of the trustee's motion to dismiss in his written objection filed before the evidentiary hearing or orally at the hearing itself.

Vivenzio asserts that the bankruptcy court should have addressed creditor Selene Finance's standing and his objection to its proof of claim. But because the bankruptcy court

---

which requires 21 days' notice before certain other specified types of proceedings. Fed. R. Bankr. P. 2002(a), (b). Because this argument was not raised before the bankruptcy court, we deem it to have been waived. *See In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (failure to raise argument in the bankruptcy court waives an argument even if it is raised in the district court).

dismissed Vivenzio's Chapter 13 petition, any challenge to Selene Finance's standing or proof of claim was moot and need not have been adjudicated.

We have considered all of Vivenzio's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6